(No. 00130 —

In Re Application of Marilyn Kaiser

*Opinion filed May 4, 1978*

Per Curiam.

This claim, arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of

compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act,) Ill. Rev. Stat., Ch. 48, Sec. 281 *et seq.,* 1975.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing on April 19, 1978, the Court finds that:

1. The Claimant, Marilyn Kaiser, is the widow of the decedent, and is the beneficiary who was designated by him as stated in her application for benefits.

2. The decedent, Leonard A. Kaiser, age 50, was a full-time fireman, a member of the Mount Prospect Fire Department and engaged in the active performance of his duties, within the meaning of Section 2(e) of the Act, on June 23, 1977.

3. On said date, at approximately 8:45 a.m., during regularly assigned duty hours, and pursuant to training requirements, firefighter Kaiser was stricken immediately after participating in a fire department rescue drill, which involved his carrying hose up stairs in simulation of an apartment building rescue. Emergency care was administered, and he was transported, by ambulance, to a hospital where he was pronounced dead at 9:40 p.m., the same date, June 23, 1977. The death certificate presented recited the immediate cause of death as "acute coronary trombosis," with an approximate interval between onset and death, of "30 minutes," and due to or as a consequence of "coronary arteriosclerosis, six months." The evidence presented

indicates that firefighter Kaiser's death was caused and precipitated by the active performance of the duties required of him as a member of the Mount Prospect Fire Department.

4. Firefighter Kaiser was killed in the line of duty as defined in Section 2(e) of the Act.

5. The proof submitted in support of this claim satisfies all of the requirements of the Act and the claim is therefore compensable thereunder.

It is hereby ordered that the sum of $20,000.00 be awarded to Marilyn Kaiser, as widow and designated beneficiary of the deceased fireman, Leonard A. Kaiser.